_____

SO ORDERED,

*[signature]*

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: January 30, 2019**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE:**

**ON-SITE FUEL SERVICE, INC.,**                          **CASE NO. 18-04196-NPO**

**ALLEGED DEBTOR.**                                       **CHAPTER 7**

**MEMORANDUM OPINION AND ORDER GRANTING**
**AMENDED MOTION TO APPROVE JOINDER IN INVOLUNTARY**
**PETITION AND DENYING MOTION TO DISMISS INVOLUNTARY**
**PETITION AND REQUEST FOR MONEY JUDGMENT AGAINST**
**PETITIONING CREDITOR FOR COSTS, ATTORNEYS' FEES AND DAMAGES**

As set forth in the Agreed Order (Dkt. 40), this matter came before the Court for hearing on January 10, 2019 (the "Hearing"), on the Motion to Dismiss Involuntary Petition and Request for Money Judgment Against Petitioning Creditor for Costs, Attorneys' Fees and Damages (the "Amended Motion to Dismiss") (Dkt. 19) filed by the alleged debtor, On-Site Fuel Service, Inc. (the "Alleged Debtor"); the Brief in Support of Motion to Dismiss Involuntary Petition and Request for Money Judgment Against Petitioning Creditor for Costs, Attorneys' Fees and Damages (the "Alleged Debtor Brief") (Dkt. 10) filed by the Alleged Debtor; the Response to Motion to Dismiss (the "Response") (Dkt. 33) filed by the petitioning creditor, Mansfield Oil Company of Gainesville, Inc. ("Mansfield"); the Brief in Support of Response to Motion to Dismiss (the "Mansfield Brief") (Dkt. 34) filed by Mansfield; the Amended Motion to Approve Joinder in Involuntary Petition (the "Amended Motion to Approve Joinder") (Dkt. 39) filed by

Clark C. Webb, Don Wood Inc., John M. Ellsworth Co. Inc., Northstar Fleet Service, Inc., SCI Distribution, LLC, Werts Welding & Tank Service, Inc., Wayside Truck and Trailer Repair, Inc., Titus Talent Strategies, LLC, and Knowles On Site Repair, Inc. (the "Joining Creditors"); the On-Site Fuel Service, Inc.'s Objection to Amended Motion to Approve Joinder in Involuntary Petition *[Dkt. #39]* (the "Objection to Amended Motion to Approve Joinder") (Dkt. 43) filed by the Alleged Debtor; and the Reply Brief in Support of Motion to Approve Joinder (the "Reply") (Dkt. 44) filed by Mansfield in the above-referenced involuntary chapter 7 proceeding (the "Involuntary Proceeding"). At the Hearing, Kristina M. Johnson represented the Alleged Debtor, and Douglas C. Noble ("Noble") represented Mansfield and the Joining Creditors. The Court ruled from the Bench at the Hearing, and this Opinion memorializes and supplements the Court's bench ruling.[1]

## Jurisdiction

This Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and/or (O). Notice of the Hearing was proper under the circumstances.

## Facts

1. On October 30, 2018, Mansfield filed the Involuntary Petition Against a Non-Individual (the "Petition") (Dkt. 1) under chapter 7 of the United States Bankruptcy Code (the "Code") against the Alleged Debtor.

2. On November 26, 2018, the Alleged Debtor filed the Motion to Dismiss Involuntary Petition and Request for Money Judgment Against Petitioning Creditor for Costs, Attorneys' Fees and Damages (the "Motion to Dismiss") (Dkt. 9) and the Alleged Debtor Brief.

---

[1] The Court makes the following findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

3. On November 28, 2018, the Alleged Debtor filed the Motion to Restrict Public Access and To File Amended Exhibit (the "Motion to Restrict") (Dkt. 14).

4. On November 29, 2018, the Court entered the Order Granting Motion to Restrict Public Access and To File Amended Exhibit (Dkt. 16). The next day, the Court entered the Amended Order Clarifying Restriction of Public Access (Dkt. 18), providing that the Motion to Dismiss "in its entirety is now inaccessible to the public" because the Alleged Debtor asked the Court in its Motion to Restrict to "specifically restrict public access to a certain exhibit attached to the [Alleged Debtor]'s Motion to Dismiss [Dkt. #9] previously filed with the Court." (*Id.*) The Court directed the Alleged Debtor to re-file the Motion to Dismiss with a redacted version of the specified exhibit.

5. On November 30, 2018, the Alleged Debtor filed the Amended Motion to Dismiss (Dkt. 19).

6. On December 12, 2018, Clark C. Webb, Don Wood Inc, John M. Ellsworth Co. Inc., Northstar Fleet Service, Inc., SCI Distribution, LLC, and Werts Welding & Tank Service, Inc. filed the Motion to Approve Joinder in Involuntary Petition (the "Motion to Approve Joinder") (Dkt. 26).

7. On December 18, 2018, Mansfield filed the Response and the Mansfield Brief.

8. On December 20, 2018, the Court held a status conference (the "Status Conference") on the Involuntary Proceeding, the Amended Motion to Dismiss, and the Motion to Approve Joinder. At the Status Conference, the Court instructed the parties to submit an agreed order detailing the scope of the Hearing and instructed Mansfield to amend the Motion to Approve Joinder so that it would include all creditors seeking to join the Petition.

9. On December 20, 2018, Mansfield filed the Amended Motion to Approve Joinder, in which nine (9) creditors total seek to join the Petition.

10. On December 21, 2018, the parties filed the Agreed Order, providing that the Court will determine at the Hearing whether to recognize the bar-to-joinder doctrine and whether the Amended Motion to Dismiss should be treated as one filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)") or Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") as converted to a motion for summary judgment under Rule 12(d) and Rule 56 of the Federal Rules of Civil Procedure ("Rule 12(d)" and "Rule 56").[2] The Agreed Order also noted that the Alleged Debtor should file a response to the Amended Motion to Approve Joinder, limited to the above issues, on or before January 2, 2019, and Mansfield should file a reply on or before January 9, 2019.

11. On January 2, 2019, the Alleged Debtor filed the Objection to Amended Motion to Approve Joinder.

12. On January 8, 2019, Mansfield filed the Reply.

## Discussion

A single creditor, Mansfield, commenced the Involuntary Proceeding by filing the Petition and asserting that it is eligible to file the Petition under 11 U.S.C. § 303(b)[3], that the Alleged Debtor may be the subject of an involuntary case under § 303(a), and that the Alleged Debtor is generally not paying its debts as they become due. Mansfield further alleged that its claim is

---

[2] These rules are made applicable to the Involuntary Proceeding by Rules 7012, 7056, and 9014 of the Federal Rules of Bankruptcy Procedure.

[3] Hereinafter, all code sections refer to the Code found at Title 11 of the United States Code, unless otherwise noted.

$6,386,390.63. Brad Puryear, General Counsel of Mansfield, signed the Petition on behalf of Mansfield, and Noble signed the Petition as counsel for Mansfield.

Section 303(b) requires at least three (3) petitioning creditors to commence an involuntary proceeding when there are at least twelve (12) creditors eligible to petition. *See* 11 U.S.C. § 303(b)(1). In response to the Petition, the Alleged Debtor filed the Amended Motion to Dismiss, alleging Mansfield's lack of good faith in impliedly asserting that there are fewer than twelve creditors eligible to petition and asserting that the Petition is deficient because "any claim [Mansfield] holds against [the Alleged Debtor] is subject to a bona fide dispute." (Dkt. 19 at 4). At the Status Conference, Mansfield informed the Court that at least six (6) additional creditors sought to join the Petition. The Alleged Debtor, however, urged the Court to adopt the bar-to-joinder doctrine and to delay its ruling on the Motion to Approve Joinder until after the Court resolved the Amended Motion to Dismiss. With respect to the Amended Motion to Dismiss, Mansfield argued that the Court should treat it as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), whereas the Alleged Debtor maintained that it filed the Amended Motion to Dismiss pursuant to Rule 12(b)(1). The Court instructed Mansfield to amend the Motion to Approve Joinder so that it would include all creditors seeking to join the Petition at this time and further instructed the parties to submit supplemental briefs on whether the Court should adopt the bar-to-joinder doctrine and whether the Court should treat the Amended Motion to Dismiss as one filed pursuant to Rule 12(b)(1) or Rule 12(b)(6). The parties filed their briefs accordingly.

### A. Bar-To-Joinder Doctrine

At the Hearing, the Alleged Debtor argued that the Court should dismiss the Involuntary Proceeding because Mansfield filed the Petition in bad faith. Additionally, the Alleged Debtor

urged the Court to adopt the bar-to-joinder doctrine so that if the Court were to find that Mansfield filed the Petition in bad faith, the creditors seeking to join the Petition would be unable to cure the defective Petition. In response, Mansfield argued that § 303 provides for joinder as "a matter of right." (Dkt. 44 at 3). Because of this liberal joinder provision, Mansfield further asserted that even if the Court found that it filed the Petition in bad faith, which it maintains that it did not do so, such a finding would not prevent other creditors from joining the Petition. The Fifth Circuit Court of Appeals has not ruled on the bar-to-joinder doctrine.

Section 303 provides that "[a]fter the filing of a petition . . . but before the case is dismissed or relief is ordered, a creditor holding an unsecured claim that is not contingent . . . may join in the petition with the same effect as if such joining creditor were a petitioning creditor." 11 U.S.C. § 303(c). Additionally, Rule 1003 of the Federal Rules of Bankruptcy Procedure provides that "the court shall afford a reasonable opportunity for other creditors to join in the petition before a hearing is held thereon." FED. R. BANKR. P. 1003(b). Generally, courts interpret § 303 "to provide for joinder of additional creditors as a matter of right." *In re FKF Madison Park Grp. Owner, LLC*, 435 B.R. 906, 908 (Bankr. D. Del. 2010); *see Fetner v. Haggerty*, 99 F.3d 1180, 1181 (D.C. Cir. 1996); *IBM Credit Corp. v. Compuhouse Sys., Inc.*, 179 B.R. 474, 477 (W.D. Pa. 1995); *In re Houston Reg'l Sports Network, L.P.*, 505 B.R. 468, 477 (Bankr. S.D. Tex. 2014); *In re Kidwell*, 158 B.R. 203, 211 (Bankr. E.D. Cal. 1993); *In re Trans-High Corp.*, 3 B.R. 1, 4 (Bankr. S.D.N.Y. 1980).

Some courts, however, apply a judicially created bad-faith exception to § 303(c) despite its plain language suggesting that "Congress anticipated that defective involuntary petitions would be filed and section 303(c) was intended to permit these defects to be corrected with retroactive effect." *In re Mylotte, David & Fitzpatrick*, No. 07-11861, 2007 WL 2033812, at *8 (Bankr. E.D.

Pa. July 12, 2007). Indeed, the bar-to-joinder doctrine prevents creditors from joining a petition filed in bad faith. *See Basin Elec. Power Coop. v. Midwest Processing Co.*, 769 F.2d 483, 486-87 (8th Cir. 1985) (invoking the bar-to-joinder doctrine after finding that the single, petitioning creditor knew that the alleged debtor "had twelve or more creditors and intentionally filed a deficient petition"). In adopting the bar-to-joinder doctrine, the Third Circuit Court of Appeals reasoned that "[t]he three creditor requirement [found in § 303(b)] is designed to prevent use of involuntary bankruptcy proceedings by creditors as a means of harassing an honest debtor[;] . . . [i]f the three creditor requirement is to have any legal significance, it may not be knowingly circumvented with an eye to adding other creditors later on." *Id.* at 487. As "courts of equity," "bankruptcy courts have been rightly concerned about those who subvert the bankruptcy process." 2 COLLIER ON BANKRUPTCY ¶ 303.19[2] (16th ed. 2018). Thus, courts invoking the bar-to-joinder doctrine do so to facilitate good faith filings and to prevent a dishonest creditor from gaining an unfair advantage in bankruptcy.

In *Law v. Siegel*, 571 U.S. 415 (2014), the chapter 7 trustee asserted that the debtor should not be allowed to amend his schedules to claim an asset as exempt if he fraudulently concealed the asset alleged to be exempt. 571 U.S. at 425. In support of this argument, the chapter 7 trustee noted that several courts relied on their "equitable powers" under the Code to deny exemptions based on a debtor's bad-faith conduct. *Id.* The Supreme Court of the United States, however, held that "*federal law* provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code." *Id.* Indeed, "it is not for courts to alter the balance struck by the statute." *Id.* at 427 (citing *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 376-77 (1990)).

While this Court recognizes the importance of deterring bad faith conduct in bankruptcy proceedings, the Court found at the Hearing that § 303(c) unambiguously provides for joinder, "[a]fter the filing of a petition . . . but before the case is dismissed or relief is ordered," if the joining creditor holds "an unsecured claim that is not contingent" and is not an initial petitioning creditor. 11 U.S.C. § 303(c). "The plain language of section 303(c) simply does not condition joinder on the good faith of the original petitioning creditors." *In re FKF Madison Park Grp. Owner, LLC*, 435 B.R. at 908; *see In re Houston Reg'l Sports Network, L.P.*, 505 B.R. at 477 (finding that "later-joining creditors are not tainted by the alleged bad faith of the original petitioners"). Accordingly, this Court finds that it lacks the authority to "arbitrarily impose non-statutory conditions to joinder" and declines to adopt the judicially created bar-to-joinder doctrine. *In re FKF Madison Park Grp. Owner, LLC*, 435 B.R. at 908; *see also Fetner*, 99 F.3d at 1181 ("[T]here is a panoply of weapons in a court's arsenal to deal with bad faith petitioners without depriving valid creditors of their statutory right to join the bankruptcy petition.") (citing *In re Kidwell*, 158 B.R. at 216-19).

**B.     Classification of the Amended Motion to Dismiss**

Section 303(b) provides:

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $15,775 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> (2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $15,775 of such claims;

> (3) if such person is a partnership—
>
> > (A) by fewer than all of the general partners in such partnership; or
> >
> > (B) If relief has been ordered under this title with respect to all of the general partners in such partnership, by a general partner in such partnership, the trustee of such a general partner, or a holder of a claim against such partnership; or
>
> (4) by a foreign representative of the estate in a foreign proceeding concerning such person.

11 U.S.C. § 303(b). At the Hearing, the Alleged Debtor maintained that the Court should treat the Amended Motion to Dismiss as a jurisdictional challenge to Mansfield's failure to satisfy the threshold statutory requirements of § 303(b)(1). More specifically, the Alleged Debtor "raises Mansfield's lack of standing as a petitioning creditor since its claim is the subject of a bona fide dispute, which goes to the heart of subject matter jurisdiction." (Dkt. 43 at 21). In support of its argument, the Alleged Debtor directed the Court to the 1983 Advisory Committee Note to Rule 1011 of the Federal Rules of Bankruptcy Procedure, which provides that "an objection that a debtor is neither entitled to the benefits of the Code nor amenable to an involuntary petition goes to jurisdiction of the subject matter and may be made at any time consistent with Rule 12(h)(3) [of the Federal Rules of Civil Procedure]." FED. R. BANKR. P. 1011 advisory committee's note. In response, Mansfield asserted that § 303(b)'s requirements are nonjurisdictional and, thus, the Court should treat the Amended Motion to Dismiss as one filed under Rule 12(b)(6) as converted to a motion for summary judgment under Rule 12(d) and Rule 56 and not as one filed under Rule 12(b)(1). Since the Alleged Debtor maintained at both the Status Conference and the Hearing that it filed the Amended Motion to Dismiss as a jurisdictional challenge and cited Rule 12(b)(1), the Court found at the Hearing that it would treat the Amended Motion to Dismiss as one filed under

Rule 12(b)(1) and not attempt to recharacterize the Amended Motion to Dismiss. The Fifth Circuit Court of Appeals has not determined whether § 303(b)'s requirements are jurisdictional.

In *Arbaugh v. Y & H Corp*, 546 U.S. 500 (2006), the Supreme Court of the United States held that "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue." 546 U.S. at 515-16. "But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 516. The Supreme Court has classified this as a "readily administrable bright line" test.[4] *Id.*

Since the *Arbaugh* decision, several circuit courts have held that § 303's requirements are nonjurisdictional. For example, the Eleventh Circuit Court of Appeals in *Trusted Net Media Holdings, LLC v. The Morrison Agency, Inc. (In re Trusted Net Media Holdings, LLC)*, 550 F.3d 1035 (11th Cir. 2008), found that "the language of § 303(b) does not evince a congressional intent to implicate the bankruptcy court's subject matter jurisdiction." 550 F.3d at 1043. Indeed, § 303(b) "contains no explicit reference to its requirements being jurisdictional in nature and never uses the word 'jurisdiction.'" *Id.* "Instead, [§ 303(b)] merely states that an involuntary bankruptcy case 'is commenced against a person by the filing with the bankruptcy court of a petition under chapter 7 or 11' that meets certain requirements." *Id.* (quoting 11 U.S.C. § 303(b)). Thus, the Eleventh Circuit concluded that § 303(b), like the statute before the Supreme Court in *Arbaugh*, "does not speak in jurisdictional terms" and, therefore, is nonjurisdictional. *Id.* (citing *Arbaugh*, 546 U.S. at 515).

---

[4] Before *Arbaugh*, the Ninth Circuit Court of Appeals in *Rubin v. Belo Broadcasting Corp. (In re Rubin)*, 769 F.2d 611 (9th Cir. 1985) found that § 303 of the "Bankruptcy Amendments" does not impose jurisdictional requirements. 769 F.2d at 614.

Two years later, the Second Circuit Court of Appeals in *Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156 (2d Cir. 2010), found that "the restrictions of § 303 fall decisively on the nonjurisdictional side of *Arbaugh*'s bright line" and held that its prior decision in *Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111 (2d Cir. 2003), decided before *Arbaugh*, was no longer good law on this issue. *In re Zarnel*, 619 F.3d at 168-69. In 2014, the Tenth Circuit Court of Appeals in *Mitchell v. Weinman* (*In re Mitchell)*, 554 F. App'x 756 (10th Cir. 2014), affirmed the Bankruptcy Appellate Panel of the Tenth Circuit's finding that the alleged debtor's § 303(b)(1) challenge "did not strip the court of jurisdiction over the case." 554 F. App'x at 760. One year later, the Seventh Circuit Court of Appeals in *Kelly v. Herrell*, 602 F. App'x 642 (7th Cir. 2015), found that "the filing requirements in 11 U.S.C. § 303 are not jurisdictional, and a case may proceed even if the petitioning creditors later are deemed ineligible." 602 F. App'x at 646. Most recently, the Bankruptcy Appellate Panel of the Sixth Circuit in *In re Zenga*, 562 B.R. 341 (6th Cir. B.A.P. 2017), also applied the bright line test set forth in *Arbaugh* and found that "the creditor threshold requirement of § 303(b)(1) is not jurisdictional." 562 B.R. at 347.

After fully considering the matter, this Court found at the Hearing that it would apply the bright line test set forth in *Arbaugh* and follow the reasoning of the Circuit Courts that have held that § 303(b)'s requirements are nonjurisdictional. *See* 2 COLLIER ON BANKRUPTCY ¶ 303.08[2] ("The circuits are in agreement that the requirements of section 303(b)—that is, the type of claims that petitioning creditors must have, and the proper number of petitioning creditors—are not jurisdictional."); *see also In re Rambo Imaging, L.L.P.*, No. 07-11190-FRM, 2007 WL 3376163, at *4 (Bankr. W.D. Tex. Nov. 8, 2007) (finding that the requirements of § 303(b) are nonjurisdictional). Accordingly, the Court finds that the Amended Motion to Dismiss should be denied.

**Conclusion**

For the above and foregoing reasons, the Court finds that the Amended Motion to Approve Joinder should be granted and that the Amended Motion to Dismiss should be denied. To the extent the Court has not addressed any of the parties' other arguments or positions, it has considered them and determined they would not alter the result. On January 11, 2019, the Court issued the Scheduling Order (Dkt. 46), setting deadlines for filing an answer to the Petition and for discovery and scheduling the Petition for trial on March 11, 12, and 13, 2019, beginning each day at 9:00 AM in the Thad Cochran United States Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, Mississippi 39201.

IT IS, THEREFORE, ORDERED that the Amended Motion to Approve Joinder is hereby granted.

IT IS FURTHER ORDERED that the Amended Motion to Dismiss is hereby denied.

##END OF OPINION##